FILED'09 JUN 17 10:27USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ELIAS BOBADILLA-GERMAN, et al., | ) ) ) | CV 07-3058-PA |
| Plaintiffs, | ) ) | **OPINION AND ORDER** |
| v. | ) ) ) | |
| BEAR CREEK ORCHARDS, INC., | ) ) | |
| Defendant. | ) | |

**PANNER, Judge.**

## Background

Plaintiffs filed this action in August 2007. In December
2007, Plaintiffs sought class certification. After briefing and
discovery regarding proposed class representatives, the court set
forth preliminary thoughts regarding proposed class definitions
and other matters, and invited comments from the parties. In
October 2008, following several rounds of comments and revisions,
the court certified a class action with five sub-classes, and
approved the form of Notice to the Class. Trial was set for July

1 - OPINION AND ORDER

14, 2009, with a pretrial conference on June 22, 2009.

On June 3, 2009, Plaintiffs moved for Leave to File an Amended Complaint, and to "Correct/Amend" the sub-class definitions.  Defendant opposes most of the proposed changes.

## Discussion

### A.    Motion to Amend Complaint

"The court should freely give leave [to amend the complaint] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A district court determines the propriety of a motion to amend the Complaint by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.  Griggs v. Pace American Group, Inc., 170 F.3d 877, 880 (9th Cir. 1993).  Generally, this determination should be performed with all inferences in favor of granting the motion.  Id.

An additional factor present here is a class action.  Class actions are analogous to an ocean liner; efficient for transporting large numbers of people but lacking the nimbleness of smaller vessels.  Claims and class definitions, once fixed, cannot easily be modified once Notice has been furnished to the Class and the opt out period has expired.  Depending on the circumstances, a new Notice and opt out period may be necessary.

/ / / /

/ / / /

1.    **Housekeeping Amendments**

Some of Plaintiffs' proposed amendments to the Complaint are mere housekeeping, and do not affect the Class Notice or definitions.  The court grants leave to amend the Complaint:

(a) to update the estimated size of the Class;

(b) to update the names of the Class Representatives to reflect prior rulings by the court;

(c) to conform the allegations in the Complaint to the subclasses, and the claims embodied in those subclasses, that were certified by this court;

(d) to delete phrases such as "Upon belief that further investigation will provide evidentiary support . . . ."; and

(e)  to delete Sub-class Three, counsel for the Class having concluded the facts do not support the underlying claim.

2.    **Substantive Amendments**

Plaintiffs seek to allege a new AWPA violation: that Defendant used an unlicensed farm labor contractor to recruit migrant workers.  Defendant argues it is too late to plead that claim now.  Plaintiffs respond that Defendant has known of this new allegation for some time, or at least the factual basis for it, and Plaintiffs were unable to include this allegation in the original Complaint because Plaintiffs first learned of the alleged violation during discovery.

The court declines to allow Plaintiff to add this new claim
(or new allegation to an existing claim).  Even in an ordinary
case, it would be a close question whether to allow the amendment
at this late date.  The motion was filed only days before trial
materials were due.  The pretrial conference is but a week away.
Trial is next month.  Class action status weighs strongly against
allowing the amendment.  Adding a new alleged violation of law
will necessitate amending the sub-class definitions to reflect
that change or adding a new sub-class, preparing and mailing a
new Class Notice, and providing recipients with a new opportunity
to opt out of the Class.

Plaintiffs' notice of supplemental authority lists seven
cases, all easily distinguished.  For instance, <u>German v. Federal
Home Loan Mortgage Corp.</u>, 168 F.R.D. 145 (S.D.N.Y. 1996),
involved a Fed. R. Civ. P. 23(b)(2) rather than a 23(b)(3) class
action.  The revision to the class definition occurred before
notice was sent to the class, and the district court ultimately
concluded a 23(b)(2) class required neither notice to the class
nor an opportunity to opt out.  <u>Id.</u> at 160-61.  In <u>Boucher v.
Syracuse Univ.</u>, 164 F.3d 113, 118-19 (2d Cir. 1999), the panel
concluded the trial court should have bifurcated the class into
sub-classes after a conflict of interest arose, rather than
simply excluding from the class those with conflicting interests.

Bifurcating an existing class is different from creating a new class that did not previously exist, to pursue claims not contemplated in the prior certification order, for which prospective class members have received neither notice nor an opportunity to opt out.  In re Wells Fargo Loan Processor Overtime Pay Litigation, 2008 WL 2397424 (N.D. Calif. 2008), the court permitted the plaintiff to add additional claims to a "putative class action" and to expand the proposed class definition.  No class had yet been certified, notice had not been sent yet, and trial was not imminent.  In Elkind v. Liggett & Myers, Inc., 77 F.R.D. 708 (S.D.N.Y. 1977), the plaintiff sought certification of a class including persons who bought the company's stock through July 18.  A pretrial ruling initially fixed the cutoff date at July 12, over the plaintiff's objections.  A different judge, presiding over the court trial, decided July 18 was the correct date after all, and enlarged the class.  The court's opinion did not discuss notice to the class or the right to opt out.  Instead, the court simply stated its belief that persons covered by the expanded class definition and claims "will more likely benefit than be prejudiced[.]"  Id. at 711.  No authority was cited for the "more likely benefit" standard, which is not found in the text of Fed. R. Civ. P. 23.

/ / / /

In addition to the unlicensed farm labor contractor allegation, Plaintiffs seek to add, to what is paragraph 30 in the Complaint, an allegation that "Defendant did not pay workers all their wages immediately when their work ended." This allegation is not new, per se. It is the Fourth Claim in the extant Complaint.

The proposed amendment would add that same allegation to the "Facts" section of the Complaint. Why Plaintiffs wish to make this change is not clear. The requested amendment is denied.

### B.   Motion to Amend Class Definitions

Plaintiffs seek to replace the existing Sub-Class Three with a different sub-class also denominated Sub-Class Three. Substituting an entirely different sub-class definition, while re-using the sub-class number, will confuse the record. Any new sub-class should be assigned the next available number in sequence, e.g., Sub-Class Five.

Plaintiffs' motion to add a new sub-class premised upon the Fourth Claim in the Complaint is denied. Plaintiffs contend that Defendant unlawfully tendered final pay checks to migrant agricultural workers on the day after an employee's last shift, instead of on the same day. Plaintiffs did not seek class certification as to this claim earlier, and have not shown why certification should be permitted now. Certification would

require a new Class Notice and opt out period.  Though "class" is
not always co-extensive with "claim," in this instance each sub-
class definition was crafted around a particular claim.

Plaintiffs can still proceed with the Fourth Claim as an
individual claim on behalf of the named plaintiffs.  It simply
will not be a claim on behalf of a class.

For the reasons previously stated, the court declines to
amend Sub-Class One to add the allegation that class members were
recruited by an unlicensed farm labor contractor, in violation of
AWPA.

In addition, the court declines to amend the sub-class
definitions, at this late date, to add a claim that Defendant
failed to include the name of the employer, and the employer
identification number, on paychecks.  This allegation is
mentioned in the Complaint, ¶ 49, but certification was not
sought on that issue until now.  To the extent that claim was
pled, it can proceed as a claim by the named plaintiffs.

The court grants Plaintiffs' motion to strike the existing
Sub-Class Three, discovery having shown that the underlying claim
lacks merit.

## Conclusion

Plaintiffs' Motion (# 290) for Leave to File an Amended
Complaint is granted in part and denied in part, as stated above.

Plaintiff's Motion (# 293) to Correct/Amend the Order for Class Certification (# 118) is granted to the extent that Sub-Class Three is deleted, and denied as to the other proposed modifications.

IT IS SO ORDERED.

DATED this  /7  day of June, 2009.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE