FILED'09 JUN 25 16:01 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ELIAS BOBADILLA-GERMAN, et al., | ) ) ) | CV 07-3058-PA |
| Plaintiffs, | ) ) ) | **OPINION AND ORDER** |
| v. | ) ) ) | (Class Action) |
| BEAR CREEK ORCHARDS, INC., | ) ) ) | |
| Defendant. | ) | |

**PANNER, Judge.**

Plaintiffs bring this action for alleged violations of the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1872 ("AWPA"), and Oregon wage and hour laws. Pending before the court are seven motions for partial summary judgment, and a motion to supplement the record. Within the briefing, Defendant also asserts "motions to strike" which the court will treat as evidentiary objections.

/ / / /

/ / / /

1 - OPINION AND ORDER

A.  **Claim One (AWPA)**

Whether written disclosures had to be made, when, and to who, 29 U.S.C. § 1821(a); 29 C.F.R. § 500.75, is taken under advisement. The court also takes under advisement whether Defendant violated AWPA by not including, on each pay stub, the employer's full address and Employer Identification Number ("EIN"). 29 U.S.C. § 1821(d); 29 C.F.R. § 500.80.

The court grants summary judgment for Defendant on the allegation that Defendant violated AWPA by not paying workers final paychecks on the last day that the employee actually worked a shift. It is not practical for this employer to pay so many workers in the manner that Plaintiffs demand. Congress understood this and wisely did not compel such an undertaking. See 29 U.S.C. § 1822(a) (employer "shall pay the wages owed to such worker when due"); 29 C.F.R. § 500.91 (employer "must pay the wages owed such worker when due").

Paying all wages owed on the morning, and within 24 hours, after the last shift worked is sufficient to satisfy the requirements of AWPA and its implementing regulations.

B.  **Claim Two (Minimum Wage -- Oregon Law)**

In all relevant years, a single deduction was made covering housing (during the peach harvest), and housing plus meals (during the pear harvest). Defendant did not offer a meals-only plan or separate the deductions. At oral argument, the parties

2 - OPINION AND ORDER

stipulated that the amount of the deduction (five dollars in 2005, and seven dollars in 2006) did not exceed the fair market value of the goods and services furnished.

The parties were given leave to file supplemental briefs on whether, under Oregon law, the housing allowance was properly credited against the State minimum wage requirement. See ORS 653.035(1); OAR 839-020-0025(7). For now, ruling is reserved on the cross-motions for summary judgment on Claim Two.

## C.  Claim Three (Unauthorized Deductions from Wages)

Summary judgment is granted for Defendant on the paycheck advances portion of this claim. Some Plaintiffs now claim they believed these payments were in addition to their hourly wage, or a loan to be repaid incrementally over the course of the harvest, not an advance against the first paycheck of the season. The record provides no objective basis for such an assumption. Nor has the court seen any contemporaneous evidence that this was Plaintiffs' understanding at the time the payments were made.

Recognizing that migrant agricultural workers who had just traveled to Oregon from Arizona might need help with subsistence until the first paycheck, Defendant advanced wages to employees before those wages were earned. The first regular paycheck then covered the balance due the employee.

This was not a "deduction" from wages covered by ORS 652.610(3). Rather, Plaintiffs received some wages in advance of

3 - OPINION AND ORDER

the date due. A ruling in favor of Plaintiffs on this issue would discourage employers from offering such assistance, and harm the very people the law was intended to protect. Plaintiffs point to no evidence that the Oregon Legislature ever intended such a result, nor do the facts in the record support this sub-claim.

With that exception, the cross-motions for summary judgment on the Third Claim are denied. Whether class members signed written authorizations to have deductions taken for housing costs, ORS 652.610(3)(b), is a factual dispute that will be resolved at trial. It is not necessary for the court to determine whether any class member signed an authorization allowing Defendant to deduct for meals. Defendant has conceded that meals were provided along with housing, at no additional cost. A single authorization is all that was required.

D.  **Claim Four**

Plaintiffs contend that under Oregon law, when the employment of a seasonal farmworker is terminated by the employer, either for lack of work or otherwise, the employee is entitled to be paid on the same day of the last shift actually worked. It is undisputed that Defendant's practice, during the period at issue, was to issue the final paycheck on the morning after the last shift actually worked.

/ / / /

At all relevant times, ORS 652.145 provided in relevant part that:

> Notwithstanding ORS 652.140, if an employee has worked for an employer as a seasonal farmworker, whenever the employment terminates, all wages earned and unpaid become due and payable immediately. * * * *

At all relevant times, OAR 839-001-0440 provided that:

> 1) When a seasonal farmworker or seasonal reforestation worker terminates employment because of discharge or mutual consent, all wages earned and unpaid become due and payable on the last day the employee works.
>
> * * * *

The statute and regulations speak in the singular: "worker." In view of the number of workers involved here, it is impractical for a large employer such as Defendant to pay wages and complicated bonuses owed on the same day as the last shift actually worked. Until that shift has been completed, Defendant cannot even accurately ascertain what amounts are owed to each employee. Nor would it be practical for the workers to vacate the employee housing after the last day worked.

Defendant's practice of paying employees all amounts due the employee on the morning following the last shift actually worked does not violate the requirements of Oregon law.

Defendant is entitled to summary judgment on this claim.

/ / / /

5 - OPINION AND ORDER

### E. **Plaintiffs' Motion to Supplement the Record**

The court granted the parties leave to file supplemental briefing on this issue. Ruling on the motion is reserved.

### Conclusion

The court grants partial summary judgment for Defendant on the late paychecks issue in Claim One. Plaintiffs' Motion (# 246) for Partial Summary Judgment (Claim One) is denied as to late paychecks. Ruling is reserved on the AWPA claim for alleged recruitment violations (no written disclosures) and for allegedly omitting the EIN and employer address from the pay stub.

Ruling is reserved on Plaintiffs' Motion (# 266) for Partial Summary Judgment (Claim Two) and Defendant's Motion (# 241) for Partial Summary Judgment (Claim Two).

Plaintiffs' Motion (# 192) for Partial Summary Judgment (Claim Three) is denied. Defendant's Motion (# 174) for Partial Summary Judgment (Claim Three) is granted as to paycheck advances, and otherwise denied.

Plaintiffs' Motion (# 286) for Partial Summary Judgment (Claim Four) is denied. Defendant's Motion (# 185) for Partial Summary Judgment (Claim Four) is granted.

/ / / /

/ / / /

/ / / /

/ / / /

6 - OPINION AND ORDER

Ruling is reserved on Plaintiffs' Motion (# 361) to Supplement the Record.

IT IS SO ORDERED.

DATED this ___ day of June, 2009.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE

7 - OPINION AND ORDER