FILED'10 MAY 5 11:28USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIAS BOBADILLA-GERMAN, et al.,

      Plaintiffs,

   v.

BEAR CREEK ORCHARDS, INC.,

      Defendant.

Civ. No. 07-3058-PA

**ORDER**

**PANNER, District Judge:**

Before the court are cross motions for attorney fees and costs. Defendant's motions are DENIED. The court awards plaintiffs costs and attorney fees as outlined below.

**BACKGROUND**

Plaintiffs filed a complaint against defendant Bear Creek Orchards, Inc., alleging various violations of Oregon law and the Migrant and Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1801 et seq. (the "AWPA"). The court heard the claims during a two-day bench trial in July 2009.

1 - ORDER

Claim one involved both class and individual claims of several violations of the AWPA.  Although plaintiffs did not prevail on all of the claim one allegations, they did prevail on the class claim of Failure to Provide Written Disclosures in 2005 and 2006.  Plaintiffs prevailed on the individual claims of Failure to Pay All Wages When Due, Failure to Provide Itemized Wage Statements, and a claim involving the Value of Lost Groceries.

Plaintiffs' second claim - a class claim of violations of Oregon's minimum wage laws - was dismissed on the merits.

Plaintiffs' third claim - mixed class and individual claims involving wage deductions and advancements - was dismissed on the merits.

Plaintiff's prevailed on the fourth claim, individual claims of Failure to Pay Wages When Due in 2004, 2005, and 2006.  The court denied plaintiffs' tardy request to certify the fourth claim as a class claim.

The judgement specifically stated plaintiffs would recover their costs on the first and fourth claims.  The issue of attorney fees was not specified in the judgment.

## DISCUSSION

### I.  Defendant's Motion For Attorney Fees

Defendant seeks attorney fees for defending plaintiffs' second claim regarding violations of Oregon's minimum wage laws found in ORS 653.  Defendant seeks $86,519.75 in fees.  ORS 653.055(4) states that "[t]he court may award reasonable attorney

2 - ORDER

fees to the prevailing party in any action brought by an employee under this section."  Defendant argues it was a "prevailing party" on claim two, and urges the court to award attorney fees.

Under Oregon law, the court shall consider the following factors when determining whether to award attorney fees:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

ORS 20.75(1).

Of particular relevance here is ORS 20.075(1)(c), in which the court considers the effect an award of attorney fees would have on deterring future plaintiffs from bringing good faith claims or defenses in similar cases.  Plaintiffs here brought the second claim in good faith.  Plaintiffs argued that lodging and

3 - ORDER

meals could not be credited against minimum wage because they were not furnished solely for the private benefit of the employee. This argument involved the undisputed fact that defendant could not field an adequate work force without recruiting employees from outside the local area. This claim was novel as Oregon courts had yet to rule on a similar claim. Although the court ended up agreeing with defendant's interpretation of the statute, plaintiffs' minimum wage claim was an objectively reasonable claim brought in good faith.

I conclude that an award of attorney fees to defendant here would have a chilling effect on good faith claims in similar cases. As noted by plaintiffs, "Defendant seeks fees equal to five years of full-time, year-round work at the 2010 Oregon minimum wage." (Plaintiffs' Memorandum In Opposition To Defendant's Motion For Attorney Fees, 7.) To award defendant attorney fees here would certainly deter future good faith minimum wage claims as only plaintiffs with the most airtight cases would assert their rights under ORS 653.035. None of the other ORS 20.75(1) factors point compellingly in defendant's favor. Therefore, defendant's motion for attorney fees is denied.

II. Plaintiff's Motion For Attorney Fees

Plaintiffs move for fees on the fourth claim for relief.[1] (Plaintiffs' Memorandum In Support Of Motion For Attorney Fees,

---

[1]Although plaintiffs prevailed on claim one, that claim involved only AWPA claims. The AWPA does not provide for attorney fees. Thus, plaintiffs only seek fees relating to claim four.

4 - ORDER

2.)  Plaintiffs prevailed on their fourth claim for late payment
of final wages in violation of ORS 652.145 and ORS 652.150.  ORS
652.200(2) provides that ". . .the court shall, upon entering
judgment for the plaintiff, include in such judgment. . .a
reasonable sum for attorney fees on trial and appeal for
prosecuting said action. . ."  Plaintiffs seek $62,500.00 in
attorney fees.

Even absent objections, the court has an independent duty to
review a party's request for attorney fees.  See Gates v.
Deukmejian, 987 F.2d 1392, 1400 (9th Cir. 1993).

When determining the amount of an award allowed under Oregon
law, the court considers the factors listed above in ORS 20.075(1)
as well as:

> (a) The time and labor required in the proceedings, the
> novelty and difficulty of the questions involved in the
> proceeding and the skill needed to properly perform
> legal services.

> (b) The likelihood, if apparent to the client, that the
> acceptance of the particular employment by the attorney
> would preclude the attorney from taking other cases.

> (c) The fee customarily charged in the locality for
> similar legal services.

> (d) The amount involved in the controversy and the
> results obtained.

> (e) The time limitations imposed by the client or the
> circumstances of the case.

> (f) The nature and length of the attorney's professional
> relationship with the client.

> (g) The experience, reputation and ability of the
> attorney performing the services.

> (h) Whether the fee of the attorney is fixed or
> contingent.

5 - ORDER

ORS 20.075(2).

Where, as here, a party seeks multiple claims authorizing an award of fees but does not prevail on all of those claims, fees may only be awarded for the time reasonably necessary to prevail on the prevailing claim(s). Rogers v. RGIS, LLP, 229 Or.App. 580, 587, 213 P.3d 583, 587 (2009)(internal citation omitted). Thus, the party seeking fees "must submit a sufficiently detailed statement to permit the trial court to apportion the fees on a claim-by-claim basis, as the court deems necessary." Id.

Several factors somewhat confuse matters. First, as stated above, although plaintiffs brought several claims, they only moved for fees related to claim four (as claim four was the only claim plaintiffs prevailed on which authorize attorney fees). Second, despite being cognizant of the fact that the four claims contained different fee award authorizations, plaintiffs' attorneys certainly could have made a better effort to distinguish amongst the different claims when recording their time.[2] Third, the court denied plaintiffs tardy attempt to certify a class as to claim four. Thus, as opposed to the other three claims, claim four only involved the twelve individually-named plaintiffs. Fourth, although plaintiff ultimately prevailed on claim four, the court initially granted defendant's motion for summary judgment on claim four. These factors make it difficult to gauge exactly how many

---

[2]Although plaintiffs are correct in stating that "[f]or much of the attorney time, it is not possible to accurately and entirely segregate work on the Fourth Claim for Relief from work on the other claims[,]" plaintiffs could have done a much better job segregating time and recording time in general.

hours plaintiffs reasonably expended on claim four.

Plaintiffs' attorneys submitted documents showing 2,732.25 total hours spent prosecuting the case. (Declaration Of Mark J. Wilk In Support Of Plaintiffs' Motion For Attorney Fees, 2.) Plaintiffs also accumulated 1,526.21 hours of paralegal and support staff time for all four claims, although they seek to recover none of that time. Plaintiffs "conservatively estimate" ten-percent of the total time spent on the case was spent prosecuting the fourth claim for relief. (Plaintiffs' Memorandum In Support Of Motion For Attorney Fees, 3.) Thus, plaintiffs estimate at least 273.2 hours spent prosecuting the fourth claim for relief. Id. Plaintiffs seek to recover 250 of those hours.

In the Supplemental Declaration Of Mark J. Wilk In Support Of Plaintiffs' Attorney Fees [#436], plaintiffs present 151.2 hours as "[t]he total time worked specifically on plaintiffs' fourth claim for relief..." Id. at 5. Plaintiffs then list 417.5 hours counsel spent "providing legal services which relate substantially to plaintiffs' fourth claim for relief, as well as the other claims in this action, for which segregation by claim was not viable[.]" Id. at 6-15. Plaintiffs submitted those hours in support of their request for 250 hours of total time spent bringing claim four. Defendant argues the request for 250 hours is "a figure pulled virtually from thin air." (Defendant's Response To Plaintiff[s'] Motion For Attorney Fees And Costs, 2.) Defendants argue plaintiffs have demonstrated only 68.7 hours are ". . .clearly, and plainly, related to Plaintiff[s'] Fourth Claim

7 - ORDER

for Relief,. . ." Id. at 10.

I conclude that although plaintiffs' request could have been much more detailed and segregated, they have sufficiently demonstrated 250 hours reasonably spent bringing claim four. While this number is not exact, I agree with plaintiffs that it is a "conservative" number and that the actual amount spent was likely higher.  I find the hours detailed in ¶ 11 of the Supplemental Declaration Of mark J. Wilk In Support Of Plaintiffs' Attorney Fees were reasonably spent bringing claim four.  These hours are divided accordingly:

|  |  |
|---|---|
| Mark Wilk | 127.75 hours |
| Arthur Schmidt | .2  hours |
| Ilene O'Malley | 22.05 hours |

In addition to the hours above, which plaintiffs demonstrated were spent solely on claim four, the court finds an additional 100 hours were spent prosecuting claim four but were unable to be segregated from the other claims.  Claim four involved questions of law and the parties filed cross motions for summary judgment. After initially granting defendant's motion for summary judgment, upon reconsideration the court concluded defendant violated ORS 652.150 by paying plaintiffs the morning after the last day plaintiffs worked.  In short, the questions involved in claim four were more complex than they appeared at first glance.

That said, the results obtained on claim four were mixed. Plaintiffs received $792 in damages for claim four.  This amount would likely have been tens of thousands of dollars higher, but

8 - ORDER

plaintiffs failed to timely certify a class for claim four.
Additionally, although plaintiffs did demonstrate some violations,
they lost on most of the claim four allegations.  Considering all
of the circumstances involved, the court finds that 250 hours
spent on claim four is reasonable here.

Schmidt ("Schmidt"), Mark Wilk ("Wilk"), and Ilene O'Malley
("O'Malley") were plaintiffs' attorneys.  Out of the purported
2,732.25 hours spent, the court found Art Schmidt ("Schmidt")
spent a negligible amount (33.6 hours) on the entire case.
Because Mark Wilk ("Wilk") (approximately 1390 hours) and Ilene
O'Malley ("O'Malley") (approximately 1300 hours) spent roughly
equal time on the case, the court will treat Wilk and O'Malley as
each contributing half of the 100 hours spent on claim four which
were not able to be segregated completely from the other claims.

Therefore, the court finds the 250 hours reasonably spent on
claim four are divided as follow:

> Wilk - 127.75 hours + 50 hours = 177.75 hours.
>
> Schmidt   - .2  hours.
>
> O'Malley - 22.05 hours + 50 hours = 72.05 hours.

Plaintiffs argue for a reasonable hourly rate of $250.00.
Schmidt and Wilk each have 29 years of experience.  O'Malley has
16 years of experience.  Each attorney specializes in representing
low-income migrant and seasonal workers on employment matters.
Each is "culturally competent and proficient in Spanish."  Each
works exclusively representing low-income migrant and seasonal
workers in civil matters.

9 - ORDER

The <u>Oregon State Bar 2007 Economic Survey</u> (the "Survey")
lists the average billing rate for Oregon attorneys with 21-30
years of experience as $238 per hour.  For lawyers with 16-20
years of experience, the average hourly billing rate is $221.

Plaintiffs request a flat rate of $250 per attorney hour
spent, regardless of which attorney performed the work.  This
request goes against the assumption, cited by plaintiffs, that
attorneys with more years of practice have a higher hourly rate.
Defendant requests the court award an hourly fee based on the
Survey, cited by plaintiffs.  The court agrees, finding no reasons
to stray from the hourly rate found in the Survey, and finds that
an hourly rate of $238 per hour for Wilk and Schmidt and $221 per
hour for O'Malley is reasonable.

Factoring in the hourly rates:

Wilk - 177.75 hours x $238 per hour = $42,304.50.

Schmidt - .2  hours x $238 = $47.60.

O'Malley - 72.05 hours x $221 per hour = $15,923.05

Plaintiffs are entitled to attorney fees of $58,275.15.

To the extent plaintiffs seek to recover attorney fees for
the first claim (under the common fund doctrine), this argument
was not advanced in detail.  The court invites further briefing
prior to ruling on plaintiffs' common-fund request.  If plaintiffs
choose to advance this theory, a memorandum is due within two
weeks from the date of this order.  Plaintiffs' request to recover
all out-of-pocket costs is described below.
////

10 - ORDER

II.  Defendant's Costs

    Pursuant to Fed. R. Civ. P. 54(d)(1), defendant presented a
Bill of Costs in the amount of $14,594.87.  Rule 54 creates a
presumption in favor of awarding costs to the prevailing party.
Ass'n. of Mexican-American Educators v. State of California, 231
F.3d 572, 592 (9th Cir. 2000)(en banc)(quoting Rule 54, which
states that "costs other than attorneys' fees shall be allowed as
of course to the prevailing party unless the court otherwise
directs").  That presumption does not require awarding costs in
all cases.  Id.

    Plaintiffs here consist of migrant seasonal farm workers.
The plaintiffs are all indigent, severely lacking in financial
resources.  This case presented important public policy concerns
regarding interpretation of the AWPA as well as Oregon laws.
Plaintiffs here brought all of the claims in good faith.
Additionally, to award defendant its costs on claims two and three
would frustrate the purposes of the AWPA.  Statutory damage awards
under the AWPA have two purposes: (1) to promote enforcement of
the AWPA by deterring violations; and (2) to compensate farm
workers for injuries.  Martinez v. Shinn, 992 F.2d 997, 999 (9th
Cir. 1993)(quoting Six Mexican Workers v. Arizona Citrus Growers,
904 F.2d 1301, 1309 (9th Cir. 1993).

    Here, although plaintiffs did not prevail on some of their
AWPA claims, they did prevail on other AWPA claims.  Awarding
defendant costs would result in a Pyrrhic victory for the
individual plaintiffs; although prevailing on multiple AWPA

11- ORDER

claims, plaintiffs would end up owing defendants many times more than the statutory damages awarded. Such a result would not promote enforcement of the AWPA. Rather, awarding costs would result in a chilling effect on future potential AWPA plaintiffs, almost exclusively those with severely limited financial resources. See Assc'n of Mexican-American Educators, 231 F.3d at 593. Because of the particular circumstances involved, the court declines to award defendant any costs. This conclusion should not be interpreted as implying that declining to award costs to prevailing defendants in AWPA claims is the rule. Rather, this conclusion is the exception to the rule, required by the circumstances involved here.

III.  Plaintiffs' Costs

Plaintiffs seek $30,494.72 in taxable costs. $10,359 are "Fees for witnesses." (Plaintiffs' Bill Of Costs, 1.) $9,651 of the witness fees are for attendance and subsistence costs for individually-named plaintiffs. The remaining $708 in witness fees relate to Misti Tone and Matt Johnson, who testified at trial. Plaintiffs seek $7,769.69 as "Other costs" which are transportation costs related to the individually-named plaintiffs.

As noted by defendant, "[w]ith minor exceptions . . . the expenses of witnesses who are themselves parties are not taxable." Evanow v. M/V Neptune, 163 F.3d 1108, 1118 (9th Cir. 1998) (internal citation omitted). Barber v. Ruth, 7 F.3d 636 (7th Cir. 1993), the main case cited by plaintiffs, is easily distinguishable. In Barber, the Seventh Circuit refused to deem

12 - ORDER

the trial judge's decision (awarding witness costs to
beneficiaries) an abuse of discretion because although the
beneficiaries had a significant stake in the outcome of the
litigation, they could be viewed as attending the trial solely to
testify, as opposed to actually managing the litigation.  See 7
F.3d at 646.  The litigation in Barber was actually managed by
Richard W. Barber, the lawyer representing the estate.  Id.  The
individually named plaintiffs here are not analogous to non-party
beneficiaries in an action brought by the personal representative
of an estate.  The $17,420.69 relating to the individually-named
plaintiffs are not recoverable as witness costs under 28 U.S.C. §
1920(3).

      Plaintiffs are entitled to their other costs presented,
including the costs for deposition transcripts and witness fees
for Misti Tone and Matt Johnson.  Thus, out of $30,494.72
requested, plaintiffs are entitled to 13,005.72 in taxable costs.

      Additionally, plaintiffs are granted leave to file a later
Bill of Costs taking into account the costs incurred in compiling,
mailing, and receiving the claim forms related to the judgment on
plaintiffs' first claim for relief.

V.  Additional Requests

      Plaintiffs seek to recover additional out-of-pocket costs not
recoverable as taxable costs.  However, as noted by defendant,
although plaintiffs prevailed on multiple AWPA claims, the AWPA
does not provide for attorney fees.  Plaintiffs received statutory
damages under the AWPA which could result in $45,000 in damages.

13 - ORDER

That award was made in consideration of the twin purposes of statutory damage awards under the AWPA: (1) to promote enforcement of the AWPA by deterring violations; and (2) to compensate farm workers for their injuries. See Martinez, 992 F.2d at 999 (internal citation omitted).

Plaintiffs in essence request the court reconsider its AWPA statutory damage determination. The court declines to reconsider that determination. Plaintiffs have been awarded costs, fees, and damages as provided by the AWPA and Oregon law. Due to the circumstances involved, the court declined to award defendant costs on a claim the court dismissed. The court declines to award plaintiffs additional damages for out-of-pocket expenses incurred in bringing the claims.

## CONCLUSION

Defendant's Bill of Costs [#415] and Motion for Attorney Fees [#411] are DENIED. Plaintiffs' Bill of Costs [#420] and Motion for Attorney Fees [#417] are granted in part. Plaintiffs are awarded 13,005.72 in taxable costs and $58,275.15 in attorney fees.

IT IS SO ORDERED.

DATED this ___5___ day of May, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE

14 - ORDER